UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JULIO RAMOS,

                              Plaintiff,                              MEMORANDUM
                                                                            AND ORDER

                   -against-                                11-CV-5168 (SLT)

WAYNE PETERKIN, et al.,

                              Defendants.
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       In this personal injury action, defendants Wayne Peterkin and Murphey's Trucking, LLC (collectively, "defendants") have requested on numerous occasions that this Court so-order a subpoena requiring non-party witness New York City Police Officer O'Neill Smith ("Officer Smith") to appear for a deposition.

       Defendants' first such request, on August 30, 2012, was denied without prejudice because the proposed subpoena was facially invalid. See Memorandum and Order (Sept. 7, 2012), Electronic Case Filing Document Entry ("DE") #26. Thereafter, defendants submitted, and the Court so-ordered, a revised subpoena, requiring Officer Smith to appear on October 16, 2012. See Endorsed Order (Sept. 20, 2012), DE #29. Although Officer Smith apparently failed to appear for the October 16, 2012 deposition, the Court was never informed of this until well after the October 26, 2012 deadline for fact discovery. See Letter Requesting Subpoena (Dec. 14, 2012), DE #33; Endorsed Order (Aug. 27, 2012), DE #24.

       In December 2012, defendants requested that this Court endorse yet another deposition subpoena addressed to Officer Smith, requiring him to appear at the federal courthouse in

Brooklyn on January 3, 2013. See id. On December 21, 2012, this Court granted the application, see Endorsed Order (Dec. 21, 2012), DE #34, but, due to a clerical error, the October 16, 2012 subpoena was entered into the ECF docket as an attachment to the order, and defendants did not apprise the Court of the clerical error until December 26, 2012. See Letter Seeking So-Ordered Subpoena (Dec. 26, 2012), DE #35. The Court immediately rectified the docketing error and also made available the original of the correct subpoena, to be picked up by defendants' counsel.[1]

By January 2, 2013, the day before the so-ordered deposition, the subpoena still had not been picked up. That day, defendants wrote to this Court, explaining that it was too late to timely serve the subpoena for a January 3, 2013 deposition date and requesting that the Court so-order yet another subpoena – this time for a deposition on January 17, 2013. See Letter Seeking So-Ordered Subpoena (Jan. 2, 2013), DE #36. Reluctantly, the Court granted the application on the condition that defendants submit a letter confirming that all parties had agreed upon the January 17, 2013 date. See Endorsed Order (Jan. 2, 2013), DE #37. After defendants did so, see Letter Seeking So-Ordered Subpoena (Jan. 3, 2013), DE #38, the Court so-ordered the subpoena for a deposition of Officer Smith on January 17, 2013. See Endorsed Order (Jan. 3, 2013), DE #39.

Given the forgoing factual background, the Court was disturbed to learn that Officer Smith arrived at the courthouse at 3:00 p.m. today for his so-ordered deposition, and neither

---

[1] Defendants' counsel's office called this Court's chambers and confirmed that the Court would be open on December 27, 2012, so that the subpoena could be picked up.

2

defendants nor plaintiff showed up.  Reportedly, due to a purported scheduling conflict, defendants' counsel unilaterally cancelled the deposition yesterday, without notifying Officer Smith directly, and without seeking leave of the Court to reschedule a deposition that the Court, at defendants' request, had ordered be conducted today.  In addition to violating a court order, defense counsel's last-minute notice to Officer Smith's precinct of the cancellation was disrespectful at best.

Discovery ended on October 26, 2012.  The Court will not further extend the time for the completion of this deposition, nor will the Court order Officer Smith to interrupt his policing responsibilities in order to appear a second time for a deposition in this civil matter.

The parties are reminded that the Joint Pretrial Order is due by January 25, 2013.

**SO ORDERED.**

**Dated:**   Brooklyn, New York
             January 17, 2013

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**